COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Frank and Felton
Argued at Chesapeake, Virginia


CHARLES BATTLE, JR.

v.      Record No. 2934-02-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE WALTER S. FELTON, JR.
MARCH 23, 2004


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
E. Everett Bagnell, Judge

Stephen B. Plott (Collins & Plott, PLC, on brief), for appellant.

Margaret W. Reed, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Charles Battle, Jr. (appellant) appeals his convictions by the Circuit Court of the City of

Portsmouth.  On July 23, 2002, he was convicted of possession of cocaine with the intent to

distribute, in violation of Code § 18.2-248; sale or distribution of cocaine to a person under

eighteen, in violation of Code § 18.2-255; and distribution of a controlled substance within 1000

feet of school property, in violation of Code § 18.2-255.2.  He contends that the trial court erred in

finding the evidence sufficient to convict him of possessing cocaine with the intent to distribute, of

distributing cocaine within 1000 feet of a school, and of distributing cocaine to a minor.  We affirm

the trial court's judgment.

BACKGROUND

On the morning of November 19, 2001, Officer C.B. Honeycutt was conducting a narcotics

surveillance operation at the corner of Elm Avenue and Twenty-First Street in the City of

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Portsmouth. Using binoculars from a van parked across from a store, Honeycutt observed appellant in and around the area all morning. He testified that at 10:28 a.m. he observed a blue Honda Accord stop at the corner where appellant stood along with Jamar Roots, a minor. Appellant handed Roots a plastic baggie containing what Honeycutt believed to be a rock of crack cocaine. Roots took the item, walked to the Honda, opened the passenger door, and handed the item to the driver. The driver took the item from Roots, and handed him "what appeared to be a green and white piece of paper," which Honeycutt suspected to be U.S. currency. The officer observed the Honda drive east on Fayette Street and turn down Chestnut Street. Roots walked back to appellant and handed to him the white and green paper he received from the Honda driver.

Acting on information from Honeycutt, two other police officers stopped the Honda after it had traveled about three blocks from the intersection where the transaction occurred. As soon as the officers stopped the Honda, the driver, the only occupant, reached down to the floorboard of the passenger side of the car. The officers recovered the only object on the floorboard: a black purse, which was found to contain a piece of cocaine weighing 0.05 gram.

At trial, Officer Honeycutt identified a photograph of Jamar Roots, the same individual that he observed assisting appellant in the street transaction on November 19, 2001. Without objection, the Commonwealth introduced the photograph as evidence. In order to establish that Roots was a juvenile at the time of the offense, the Commonwealth offered two certified juvenile conviction orders of Jamar Roots from the City of Portsmouth Juvenile and Domestic Relations District Court. The judge overruled appellant's objection and admitted the orders. The juvenile conviction orders reflected that Roots was seventeen years old on November 19, 2001, the date of the offenses at issue here. The documents also showed that he was convicted of charges arising from the same November 19, 2001 conduct for which appellant was on trial. The trial court stated that it was

"satisfied that these are the charges, the same date. I'm satisfied that this is the Jamar Roots as has been described here." It received the two certified juvenile conviction orders into evidence.

Based on the evidence before it, the trial court convicted appellant of possession of cocaine with intent to distribute; distribution of a controlled substance within 1000 feet of school property; and distribution of cocaine to a minor for his use of a minor as a "go-between." It sentenced appellant to a total of fifteen years in prison with five years suspended. The trial court dismissed the conspiracy to distribute cocaine charge.

### SUFFICIENCY OF THE EVIDENCE

Appellant contends that the evidence was insufficient to convict him of possessing cocaine with the intent to distribute, of distributing cocaine within 1000 feet of a school, and of distributing cocaine to a minor. He argues that the Commonwealth failed to prove that the cocaine recovered from the driver was the same item the driver received from appellant and Roots. He also argues that the evidence failed to establish that Jamar Roots was a minor.

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

The evidence demonstrated that appellant gave Roots a rock of crack cocaine, which Roots delivered to the driver of the Honda. The officer's testimony was sufficient to prove Roots received money from the driver and delivered the money to appellant. After the Honda had traveled only three blocks, the police stopped it and found cocaine within the driver's reach. The evidence is sufficient to prove beyond a reasonable doubt that the cocaine recovered from the driver of the Honda was the same substance she received moments earlier from Roots in exchange for money.

To establish that Roots was a minor at the time of the offense, the Commonwealth introduced into evidence two certified conviction orders for a juvenile named "Jamar Roots" from the City of Portsmouth Juvenile and Domestic Relations District Court. Although appellant objected on grounds of relevancy and hearsay, the trial court admitted the conviction orders as relevant to prove appellant distributed cocaine to a minor. This appeal does not contest this ruling, but, rather contends the evidence, as admitted, was insufficient to prove the fact of Roots' age or that the orders pertained to the same Roots who was seen by the officer. Thus, in challenging the sufficiency of the evidence, appellant argues on appeal only that the Commonwealth "failed to prove that the Jamar Roots who was observed by Honeycutt was the same Jamar Roots that was convicted as a minor at some other date in the Juvenile Court."

The record clearly established that the officer identified a photograph and testified that it depicted "Jamar Roots," the person he saw receive cocaine from appellant. The conviction orders showed that Jamar Roots was seventeen years old on the date of the offenses that are the subject of this appeal. The orders also showed that he was convicted of the same offenses based on the same events as those appellant faced at trial.

We conclude that the evidence in the record before us supports the trial court's judgment that appellant possessed cocaine with the intent to distribute, that he distributed cocaine within 1000 feet of a school, and that he distributed cocaine to a person under the age of eighteen. Accordingly, we affirm appellant's convictions.[1]

Affirmed.

---

[1] We note that appellant's attorney fails to cite any authority or argument in support of his position in his opening brief. Rule 5A:20(e) requires that the opening brief of appellant must contain "[t]he principles of law, the argument, and the authorities relating to each question presented."

- 4 -